UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEXTER WRIGHT,

                Petitioner,                Case Number: 1:21-cv-11043

v.                                              Honorable Thomas L. Ludington
                                                     United States District Judge

JONATHAN HEMINGWAY,

                Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Dexter Wright brings this habeas corpus action under 28 U.S.C. § 2241. Petitioner is currently incarcerated at the Federal Medical Center (FMC) Lexington in Lexington, Kentucky.[1] Petitioner challenges a prison disciplinary proceeding in which he was found guilty of possessing a cell phone and, as a result, sanctioned with the loss of good conduct time and privileges and moved to disciplinary segregation. Petitioner claims that the disciplinary proceeding violated his Fourteenth Amendment right to procedural due process. As explained below, the Petition will be denied.

**I.**

Petitioner is serving a 120-month sentence for distribution of and attempt to distribute a controlled substance, 28 U.S.C. §§ 841(a)(1), (b)(1)(C), and 846. ECF No. 11-2 at PageID.77. The United States District Court for the Southern District of Ohio imposed this sentence. *Id.*

---

[1] When Petitioner filed his § 2241 Petition, he was incarcerated at Federal Correctional Institution in Milan, Michigan. After the Petition was filed, Petitioner was transferred to FMC Lexington. This Court retains jurisdiction following Petitioner's transfer. *See White v. Lamanna*, 42 F. App'x 670, 671 (6th Cir. 2002).

In this habeas proceeding, Petitioner challenges a prison disciplinary proceeding that occurred while he was confined at the Federal Correctional Institution in Cumberland, Maryland ("FCI Cumberland"). *See* ECF No. 11-6 at PageID.84–86. On April 3, 2020, Officer S. Rohrbaugh, an employee at FCI Cumberland, filed an incident report charging Petitioner with, among other charges, possessing several cell phones in violation of Code 108 of the Federal Bureau of Prisons' Inmate Discipline Program. ECF No. 11-3 at PageID.79–80; *see also* Federal Bureau of Prisons, *Inmate Discipline Program*, 44 (2011), https://www.bop.gov/policy/progstat/5270_009.pdf [https://perma.cc/7Q9C-ENKJ]. The report stated that, on April 3, 2020, Officer Rohrbaugh observed Petitioner opening a fire extinguisher cabinet, placing items inside, and closing the door. ECF No. 11-3 at PageID.79. Officer Rohrbaugh opened the cabinet door and found three cell phones and chargers inside. *Id.*

That same day, Lieutenant J. Thorne provided Petitioner with a copy of the incident report, advised Petitioner of his rights, and investigated the charges. *Id.* Petitioner did not give a statement and did not request any witnesses. *Id.* at PageID.80. Lieutenant Thorne concluded that the evidence supported the allegations and forwarded the incident report to the Unit Discipline Committee (UDC). *Id.* On April 8, 2020, the UDC referred the incident report to a Discipline Hearing Officer (DHO) for further proceedings and provided Petitioner notice of these DHO proceedings. *See id.* at PageID.79–80.

The DHO held a hearing on April 13, 2020. ECF No. 11-6 at PageID.84–86. The DHO advised Petitioner of his rights, but Petitioner waived his right to have a staff representative present during the hearing and did not request any witnesses. *Id.* at PageID.84. For his defense, Petitioner stated that the cell phones and chargers were not his. *Id.* Petitioner claimed that he simply walked past the cabinet where the contraband was stored, glanced at the contraband, and continued walking. *Id.* But the DHO concluded that this argument was not supported or credible. *Id.* at

PageID.86. The DHO thus sanctioned Petitioner with the loss of forty-one days of good-conduct time, forfeiture of forty-one days of non-vested good-conduct time, thirty days of disciplinary segregation, and 180 days loss of commissary, email, and visiting privileges. *Id.*

Petitioner submitted an administrative remedy request to the Mid-Atlantic Regional Office. ECF No. 11-7 at PageID.89. But the request was rejected as untimely. *Id.* Petitioner was permitted to file a second request to the Mid-Atlantic Regional Office. *See id.* But this second request was denied because the evidence supported the DHO's decision, Petitioner's due process rights were satisfied, and the sanctions imposed were appropriate. *See id.* at PageID.96. Petitioner did not submit any further administrative remedy requests or timely appeals. *Id.* at PageID.90.

Petitioner then filed this Petition for Writ of Habeas Corpus under 28 U.S.C. §2241. ECF No. 1. He claims that the disciplinary hearing lacked due process because Officer Rohrbaugh fabricated the cell phone incident and provided inconsistent testimony at the hearing. *See id.* at PageID.12–13. In his Answer, Respondent argues Petitioner's Petition should be dismissed because (1) he did not exhaust his administrative remedies and (2) alternatively, the disciplinary proceedings did not violate his constitutional due process rights. ECF No. 11 at PageID.56–57.

## II.

### A.

To begin, Petitioner did not exhaust his administrative remedies. A federal habeas corpus petitioner must exhaust administrative remedies before seeking habeas corpus relief under 28 U.S.C. § 2241. *Charles v. Chandler*, 180 F.3d 753, 755 (6th Cir. 1999). The exhaustion requirement allows "the Bureau of Prisons . . . the opportunity to consider the application of its policy to [a prisoner's] claim before the matter is litigated in the federal courts." *Urbina v. Thoms*, 270 F.3d 292, 295 n.1 (6th Cir. 2001) (internal quotation and citation omitted). The Federal Bureau of Prisons has an administrative remedy program that "allow[s] an inmate to seek formal review

of an issue relating to any aspect of his/her confinement." 28 C.F.R. § 542.10(a). Under the review procedure, appeals from a DHO decision must "be submitted initially to the Regional Director for the region where the inmate is currently located." C.F.R. § 542.14(d)(2). If the inmate is not satisfied with the Regional Director's decision, he or she may submit an appeal to the General Counsel in the Central Office of the Bureau of Prisons. 28 C.F.R. § 542.15(a). Appeals to the General Counsel are the final step in the administrative remedy program—ordinarily, they must be submitted within thirty days of the Regional Director's decision. *Id.* Federal prisoners who procedurally default on administrative claims must demonstrate cause and prejudice for the default for habeas claims to survive. *Wade v. Perez*, 14 F. App'x 330, 331 (6th Cir. 2001).

Petitioner admits he did not exhaust his administrative remedies but claims that he could not do so because such remedies were unavailable. ECF No. 1 at PageID.7. But Petitioner does not explain this argument. *See generally id.* And the record does not support his claim. Although his first request was rejected as untimely, he was permitted to file a second request after the Regional Office learned that Petitioner's placement in COVID-related quarantine had prevented him from filing a timely request. *See* ECF No. 11-7 at PageID.100. Petitioner could have appealed the Regional Director's rejection of his appeal to the next appeal level, in this case, the Central Office's General Counsel. 28 C.F.R. § 542.17(c). He did not do so and, again, does not explain why. At this point, any further appeals would be untimely. His claims are therefore unexhausted and procedurally defaulted.

**B.**

Even if Petitioner had established cause for failing to exhaust his administrative remedies, he cannot show that he was prejudiced because his underlying claims lack merit. The scope of the Court's review of a prison disciplinary proceeding on habeas review is limited. *See Superintendent,*

- 4 -

*Mass. Corr. Inst. at Walpole v. Hill*, 472 U.S. 445, 455 (1985). The Court need only determine whether the hearing complied with the minimum due process requirements. *Id*.

When prisoners are deprived of good-conduct time, due process requires that they receive three things: (1) advance "written notice of the claimed violation" at least twenty-four hours before a disciplinary hearing; (2) an opportunity, when consistent with institutional safety, "to call witnesses and present documentary evidence in his defense"; and (3) "a written statement of the factfinders as to the evidence relied upon and the reasons for the disciplinary action taken." *Wolff v. McDonnell*, 418 U.S. 539, 563–66 (1974). Further, the disciplinary authority need only have "some evidence" in the record reflecting the prisoner's misconduct to support a disciplinary decision. *Hill*, 472 U.S. at 455. Determining whether the "some evidence" standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* at 455–46. Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Id.*

First, Petitioner asserts that the evidence did not support the verdict and Officer Rohrbaugh's statement "was contr[a]dictory and is ri[f]e with inconsistent elements." ECF No. 1 at PageID.11. According to Petitioner, Officer Rohrbaugh originally stated she found the phones in a locker but later said that she found them in the fire extinguisher cabinet and that she had witnessed Petitioner place them there. *Id.* To reach a decision, the DHO relied on the officer's written statement, the investigator's report, Petitioner's denial, and a photograph of the confiscated contraband. ECF No. 11-6 at PageID.85. The DHO found Officer Rohrbaugh's statement more credible than Petitioner's assertion of innocence. *Id.* The DHO considered Officer Rohrbaugh's legal obligation to provide a truthful account of what was observed and saw no evidence that Officer Rohrbaugh had a vested interest in wrongly implicating Petitioner. *Id.* In contrast, the DHO

observed that Petitioner had "an obvious reason to be less than truthful . . . to avoid the consequences" of his actions. *Id.* Even assuming there were inconsistencies in Officer Rohrbaugh's statements, the Court will not disturb the DHO's assessment of the credibility of witnesses. The incident report is thus sufficient to provide "some" evidence to support Petitioner's disciplinary conviction.

Further, Petitioner received written notice more than twenty-four hours before his hearings. *See* ECF No. 11-3 at PageID.79–80. He had an opportunity to call witnesses and present documentary evidence at the hearing, but he declined. ECF No. 11-6 at PageID.84–86. And he received a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action taken. *Id.* In other words, the hearings provided Petitioner with sufficient process.

Petitioner next asserts that the DHO was biased. ECF No. 1 at PageID.12. An inmate facing the potential loss of good-time credits for a disciplinary infraction is entitled to a decision by an impartial tribunal. *Woodson v. Lack*, 865 F.2d 107, 109-10 (6th Cir.1989) (citing *Wolff v. McDonnell*, 418 U.S. at 564–67)). Petitioner offers only DHO's adverse decision as support for his claim. *See generally* ECF No. 1 at PageID.10–12. Indeed, nothing in the record supports Petitioner's conclusory allegation of bias. Thus, this claim is without merit.

Finally, Petitioner asserts that "Ex Post Facto was violated" and "common area violates vagueness doctrine." ECF No. 1, PageID.12. He provides no factual basis or legal argument for either of these claims. While a *pro se* litigant's complaint is construed liberally, this liberal construction is "not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and the litigant is still his pleading's "master." *Porter v. Genovese*, 676 F. App'x 428, 440 (6th Cir. 2017). This Court will not rewrite the Petition, construct arguments on a Petitioner's behalf, or guess the

claims' substance. *Martin*, 391 F.3d at 714. These claims, therefore, are insufficient to warrant relief. So the Petition will be denied.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability ("COA") is issued under 28 U.S.C. § 2253. A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation and quoting citation omitted).

In this case, reasonable jurists would not debate this Court's conclusion that Petitioner is not entitled to habeas relief. Therefore, a COA will be denied. Petitioner will also be denied leave to appeal *in forma pauperis* because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

### IV.

Accordingly, it is **ORDERED** that Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED WITH PREJUDICE**.

Further, it is **ORDERED** that a certificate of appealability is **DENIED.**

Further, it is **ORDERED** that leave to appeal *in forma pauperis* is **DENIED.**

**This is a final order and closes the above-captioned case.**

Dated: September 26, 2024          s/Thomas L. Ludington
                                                      THOMAS L. LUDINGTON
                                                      United States District Judge